UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES RASO, TRUSTEE of the MASSACHUSETTS BRICKLAYERS AND MASONS HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, | * * * * * * | |
| Plaintiff, | * * | Civil Action No. 10-10809-JLT |
| RPM RESTORATION & WATERPROOFING LLC, a.k.a. RPM, INC., a.k.a. RESTORATION PRESERVATION MASONRY, INC., et al., | * * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

April 9, 2012

TAURO, J.

I.   Introduction

Presently at issue is Defendant Oak Hill Construction, Inc.'s Motion to Dismiss Counts Three and Four of the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#34]. For the reasons discussed below, Defendant Oak Hill's Motion is DENIED.

II.   Background

On May 12, 2010, Plaintiff Charles Raso filed a Complaint [#1] against Defendant RPM Restoration and Waterproofing LLC ("RPM") for failure to make required contributions to the Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds in violation of 29 U.S.C. § 1145. On December 16, 2010, Plaintiff filed a First Amended Complaint

1

[#11] bringing claims for: (1) violation of 29 U.S.C. § 1145 against Defendant RPM; (2) violation of 29 U.S.C. § 1145 against RPM Contracting Services, Inc. ("RPMCS"); and (3) alter ego and/or successor liability against Defendant Oak Hill. On February 7, 2011, Defendant Oak Hill filed a Motion to Dismiss Count Three of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#21], which the court denied without prejudice. The court provided the Plaintiff an opportunity to filed an amended complaint.

On July 21, 2011, Plaintiff filed a Second Amended Complaint [#28]. This complaint included the same three counts that appeared in the First Amended Complaint, and an additional claim against Defendant Oak Hill for violation of the Work Preservation Clause ("WPC") of the BAC Local 3 Collective Bargaining Agreement. Defendant Oak Hill filed a Motion to Dismiss Counts Three and Four of the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#34] on September 21, 2011. Plaintiff filed an Opposition [#37] on October 5, 2011. The court held a hearing on this issue on April 5, 2012 and took it under advisement.

III.   Discussion

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain a "[s]hort and plain statement of the claim showing that the pleader is entitled to relief." In order for a complaint to survive a motion to dismiss for failure to state a claim, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[1] Plausibility is the minimum threshold for surviving a motion to dismiss.[2]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[2] Iqbal, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

In determining the outcome of a motion to dismiss, the court should disregard legal conclusions stated in the complaint,[3] and treat as true all "[n]on-conclusory factual allegations . . . ."[4] A complaint that is nothing more than "a formulaic recitation of the elements of a cause of action" does not satisfy the plausibility requirement.[5] The claim for relief must be plausible based on the factual allegations alone. "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief."[6]

Under an alter-ego theory of liability, if the employer entities are alter-egos, then the non-signatory employer is bound by the terms of the collective bargaining agreement signed by the signatory employer.[7] Courts consider several factors "[i]n determining whether a nonsignatory employer is an alter ego of a signatory . . . ."[8] These factors include: "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus-i.e., 'whether the alleged alter ego entity was created and maintained in order to avoid labor obligations.'"[9] There is no single

---

'entitlement to relief.'" (quoting Twombly, 550 at 557)).

[3] Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 129 S. Ct. at 1949-50).

[4] Furtono-Burset, 640 F.3d at 12 (citing Iqbal, 129 S. Ct. at 1951).

[5] Twombly, 550 U.S. at 555.

[6] Sepulveda-Villarini v. Dep't. of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010) (citing Iqbal, 129 S. Ct. at 1950).

[7] NLRB v. Hospital San Rafael, Inc., 42 F.3d 45, 52-53 (1st. Cir. 1994).

[8] Mass. Carpenters Cent. Collection Agency v. A. A. Bldg. Erectors, Inc., 208 F. Supp. 2d 94, 98 (D. Mass. 2002).

[9] Id. (quoting Hospital San Rafael, Inc., 42 F.3d at 50).

controlling factor.[10]

Here, Plaintiff's Second Amended Complaint contains enough factual allegations to make a claim for alter ego liability and liability for violation of the WPC not merely possible, but plausible.[11] The Second Amended Complaint, states: "Irving P. Rocheford, III ("Buddy") is the President, Treasurer, Secretary, Vice President and Director of Defendant Restoration Preservation Masonry, Inc.,"[12] and Defendant RPM has "operated under the name of Restoration Preservation Masonry, Inc. and RPM, Inc."[13] Michael Irving Rocheford, the son of Buddy and Cheryl Rocheford,[14] "is the President, Treasurer, Secretary and Director of RPM Contracting Services, Inc. . . . ."[15] Plaintiff also states that "Michael Rocheford, Irving ('Buddy' Rocheford) [sic] and/or Cheryl Rocheford own, operate and control all Defendants, including Oak Hill."[16] Defendants Restoration Preservation Masonry, Inc.; RPM, Inc., RPM Restoration & Waterproofing, LLC; and RPM Contracting Services, Inc. have all entered collective bargaining agreements with BAC Local 3.[17] Defendant Oak Hill, furthermore, engages in work similar to "the type covered by the collective bargaining agreements between Defendant RPM and/or RPM

---

[10] Mass. Carpenters Cent. Collection Agency, 208 F. Supp. 2d at 98.

[11] Iqbal, 129 S. Ct. at 1949.

[12] Second Am. Compl. ¶ 8.

[13] Second Am. Compl. ¶ 5.

[14] Second Am. Compl. ¶¶ 32-33.

[15] Second Am. Compl. ¶ 10.

[16] Second Am. Compl. ¶ 37.

[17] Second Am. Compl. ¶¶ 13-16

Contracting and BAC Local 3."[18]

Additionally, in June 2010, Buddy Rocheford, on behalf of Defendant Oak Hill, "submitted an application to perform work for the City of Quincy . . . ."[19] Approximately two months later, on August 9, 2010, the Massachusetts Bricklayers and Masons Health and Welfare Pension and Annuity Funds ("Funds") received a check from Defendant Oak Hill in the amount of $5,304.00.[20] The check was "for employee benefit contributions as calculated under the BAC Local 3 collective bargaining agreement for three members of BAC Local 3" who worked on the Quincy job.[21]

At this stage, the court does not have to determine that Defendant Oak Hill was the alter ego of Defendants RPM and RPMCS. The court, rather, only has to find that the Second Amended Complaint provides enough factual allegations for an alter ego theory to be plausible. When taken as a whole, the factual allegations in the Second Amended Complaint, which are stated above, make it plausible that Defendant Oak Hill was an alter ego of Defendants RPM and RPMCS. All entities were owned or operated by Buddy Rocheford, Cheryl Rocheford, or their son Michael Rocheford. Defendant Oak Hill performed the same kind of work as the other Defendants. These are the kinds of facts the court would look for when determining whether the entities really are alter egos.[22]

---

[18] Second Am. Compl. ¶ 36.

[19] Second Am. Compl. ¶ 34.

[20] Second Am. Compl. ¶ 35.

[21] Second Am. Compl. ¶ 35.

[22] See Mass. Carpenters Cent. Collection Agency, 208 F. Supp. 2d at 98.

5

There is, additionally the factual allegation that Defendant Oak Hill made a contribution to the Funds for the Quincy job. It may be, as Defendant Oak Hill suggested at the hearing on April 5, 2012, a one-time obligation by Defendant Oak Hill to BAC Local 3. At this stage of litigation, though, that is unknown. Further discovery is necessary to determine the ultimate impact of this payment. But, at this moment, the payment enhances the plausibility that Defendant Oak Hill was the alter ego of Defendants RPM and RPMCS, which were bound by the collective bargaining agreements to make such contributions. Defendant Oak Hill's motion to dismiss Count III of the Second Amended Complaint, alter ego and/or successor liability against Defendant Oak Hill is DENIED.

Lastly, if Defendant Oak Hill was the alter ego of the other Defendants, it would also be bound by the Work Preservation Clause in the collective bargaining agreements. Therefore, Defendant Oak Hill's motion to dismiss Count IV of the Second Amended Complaint, violation of the Work Preservation Clause by Defendant Oak Hill, is also DENIED.

IV.   Conclusion

For the reasons stated above, Defendant Oak Hill Construction, Inc.'s Motion to Dismiss Counts Three and Four of the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [#34] is DENIED.


IT IS SO ORDERED.


      /s/ Joseph L. Tauro      S
United States District Judge